# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

GWEN BERGMAN,

    Petitioner,

vs.                               Case No. 4:09cv194-SPM/WCS

WARDEN PAIGE AUGUSTINE, et al.,

    Respondents.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

Pursuant to court order, doc. 3, Petitioner filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and motion to proceed in forma pauperis. Docs. 4 and 5. She later paid the $ 5.00 filing fee, so the motion to proceed in forma pauperis is denied by separate order as moot.[1]

Petitioner is now incarcerated at the Federal Medical Center in Carswell, Texas (hereafter FMC). The initial petition was filed on May 22, 2009, when Petitioner was at the Federal Correctional Institution in Tallahassee (hereafter FCI). Doc. 1. That was the date she provided the petition to prison officials for mailing. The clerk has corrected the docket to reflect the FMC address.

---

[1] It appears from the financial certificate (doc. 5) no question that Petitioner had sufficient funds to pay the $ 5.00 fee.

The Bureau of Prisons (BOP) and FCI Warden Paige Augustine (Augustine) are named as Respondents in the initial and amended petitions. The following is alleged in the amended § 2241 petition. Petitioner arrived at FCI on March 11, 2009, requiring post-operative care following surgery on his left foot. Doc. 4, p. 3. Petitioner does not allege where or when that surgery was performed.

Petitioner alleges she did not receive any post-operative care or x-rays while at FCI, resulting in nerve damage, pain, deformity, and possibly causing a need for additional surgery. *Id.* Petitioner also alleges that another inmate was allowed to "pack out" Petitioner's property for transfer, and this inmate did not include important religious and educational property in packing. *Id.*, p. 4. Petitioner claims that she wanted her things repacked to include these items but was told the inmate knew her job. *Id.* As to both medical care and loss of property claims, Petitioner asserts she raised each by inmate grievance, or BP-9,[2] and Augustine did not respond. *Id.*, pp. 3-4.

> For relief, Petitioner seeks:
>
> Habeas Corpus Hearing to Address Medical Neglect and Post-Op care resulting in Pain, Deformity, [and] Nerve Damage that may require a third surgery due to Bureau of Prison Medical Neglect. Requesting damages and medical care.
>
> Also: Return of Property that BOP refused to transport containing Religious and Educational Items. Petitioner property to replace for cosmotology [sic], educational, and religious books and information exceed twenty five thousand dollars and thus grounds for sanctions and damages from BOP and Warden Augustine.

*Id.*, p. 6.

---

[2] Attached to the initial petition is a BOP Regional Remedy Appeal (BP-10) and a BOP request for administrative remedy (BP-9), both dated May 22, 2009. Doc. 1. The attachments are not included with the amended petition.

Case No. 4:09cv194-SPM/WCS

Habeas corpus is the appropriate and exclusive remedy where a prisoner seeks to effect immediate or more speedy release from confinement. *See* Preiser v. Rodriguez, 411 U.S. 475, 485-87, 93 S.Ct. 1827, 1834-35, 36 L.Ed.2d 439 (1973). But the Petitioner here seeks medical care, return of property, and damages. She does not seek immediate or speedier release, nor would she be entitled to it. "The appropriate Eleventh Circuit relief from prison conditions that violate the Eighth Amendment . . . is to require the discontinuance of any improper practices, or to require correction of any condition causing cruel and unusual punishment." Fernandez v. United States, 941 F.2d 1488, 1494 (11th Cir. 1991), *quoting*, Gomez v. United States, 899 F.2d 1124, 1126 (11th Cir. 1990). "Release from confinement is not a possible remedy." 941 F.2d at 1494.

If Petitioner wishes to obtain other relief (such as damages, unavailable in a habeas corpus proceeding), she is advised that complaint forms are available from the clerk upon written request.[3] Petitioner is advised that if she files a civil case and in forma pauperis application, she will be subject to the Prison Litigation Reform Act (PLRA).[4]

---

[3] In this court, pro se complaints and petitions must be filed on forms. Local Rule 5.1(J)(2).

[4] The filing fee for any civil action other than habeas corpus is $ 350. 28 U.S.C. § 1914(a). Under the PLRA (which does not apply in habeas proceedings), even if leave to proceed in forma pauperis is granted the court will access an initial partial filing fee, and the prisoner will be required to pay back the entire fee in monthly installments. 28 U.S.C. § 1915(b)(1), (2). Notwithstanding any fee or portion that is paid, the court will dismiss the case if it finds the allegation of poverty is untrue, or that if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). The prisoner may also be required to pay any costs in monthly installments. § 1915(f). After three such dismissals, a prisoner is precluded from proceeding in forma pauperis

It is therefore respectfully **RECOMMENDED** that the amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, doc. 4, be summarily **DISMISSED** as Petitioner does not state a cognizable basis for habeas corpus relief.

**IN CHAMBERS** at Tallahassee, Florida, on September 15, 2009.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

"unless the prisoner is under imminent danger of serious physical injury." § 1915(g).